IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, #07960-087, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 19-cv-01009-SMY ) |
| WILLIAM TRUE, BYRAM, CLARK, and DAVID, | ) ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Christopher Oden, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1, pp. 1-13). Oden seeks immediate placement in a residential reentry center ("RRC") near his home for the remainder of his sentence. (*Id.*). Instead of the six months he requested, Oden was approved for six weeks of RRC placement more than 300 miles from his home. (*Id.*). He alleges the BOP denied his placement request without considering the factors set forth under 18 U.S.C. § 3621(b)(1) through (5) and in violation of the First Step Act of 2018 ("FSA"). Because his sentence is set to expire in May 2020, Oden asks that his § 2241 Petition be expedited. (Doc. 4).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

Oden is challenging the execution of his sentence and is "seeking what can fairly be described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). He has properly brought this claim under 28 U.S.C. § 2241 in the district of his confinement. *Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Oden asserts that he exhausted his remedies through the BOP before filing the § 2241 Petition.[1] The Court therefore finds that his claim is cognizable under § 2241 and warrants further consideration.

However, Oden has named several respondents who must be dismissed at this juncture, including Manager Byram, Case Manager Clark, and Counselor Davis. That is because in a habeas corpus proceeding, the proper respondent is the prisoner's custodian; the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant). *See also Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). William True is the Warden of USP-Marion, and Oden properly named him as a respondent in the § 2241 Petition. Accordingly, the Clerk will be directed to terminate all other respondents, including Manager Byram, Case Manager Clark, and Counselor Davis as respondents.

Without commenting on the merits, the Court concludes that Oden's § 2241 Petition

---

[1] Oden brought a similar claim in the Western District of Missouri earlier this year. *See Oden v. Smith*, No. 19-31107-CV-S-SRB-P (W.D. Mo.). On April 19, 2019, the district court dismissed his habeas petition without prejudice on two grounds. (Doc. 10). First, Oden failed to exhaust all available administrative remedies through the BOP before filing the § 2241 Petition. (*Id*. at p. 5). Second, Oden filed the § 2241 Petition prematurely because § 102(b)(2) of the FSA was not yet in effect. (*Id*.).

survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.  **Given Oden's claim that he is entitled to immediate placement in a residential reentry facility, an expedited response period will be prescribed.**

### Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer the Petition or otherwise plead within **14 days** of the date this Order is entered (**on or before October 29, 2019**).[2]  This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The Clerk is **DIRECTED** to **TERMINATE** the following individuals as respondents: **BYRAM**, **CLARK**, and **DAVIS**.  In any future documents filed in this case, Respondent **WILLIAM TRUE** shall be listed as the only Respondent.

To the extent Oden seeks an expedited response in Doc. 4, his Motion is **GRANTED**; all other portions of this Motion are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:  10/15/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[2] The response date ordered here is controlling.  Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.