# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER W. ODEN, #07960-087, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1009-SMY |
| ) | |
| WILLIAM TRUE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Christopher Oden is incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the length of his upcoming placement in a Residential Reentry Center ("RRC") and the location of that placement. (Doc. 1).[1] Oden alleges the Bureau of Prisons ("BOP") denied his placement request without considering the factors set forth under 18 U.S.C. § 3621(b)(1) through (5) and in violation of the First Step Act of 2018 ("FSA").[2]

In response, Respondent notes that Oden's RRC time has been increased and will begin in December 2019 rather than in January 2020 as originally planned. (Doc. 9, p. 3). Further, Oden's release date was accelerated to March 13, 2020 after his sentence was recalculated pursuant to the First Step Act. *Id.* Respondent argues that a § 2241 petition is not a proper

---

[1] Oden entitled his pleading "Motion Challenging Residential Reentry" and grounds his claim for relief in 28 U.S.C. § 2241 (Doc. 1, p. 2); thus the Court construes it as a Habeas Corpus Petition.
[2] Oden brought a similar claim in the Western District of Missouri earlier this year. *See Oden v. Smith*, No. 19-3107-CV-S-SRB-P (W.D. Mo.). On April 19, 2019, the district court dismissed his habeas petition without prejudice, finding that Oden failed to exhaust his administrative remedies before seeking federal habeas relief, and that he filed the petition prematurely because § 102(b)(2) of the First Step Act (increasing the amount of good conduct time available) was not yet in effect. (Doc. 10 in No. 19-3107).

1

vehicle for a prisoner to challenge his RRC placement. (Doc. 9, pp. 3-5). Alternatively, Respondent asserts that Oden is not entitled to relief even if his Petition is proper under § 2241, and that he failed to exhaust his administrative remedies as to the location of his RRC placement. (Doc. 9, pp. 5-8). Oden has filed a Reply, disputing several factual issues and Respondent's arguments. (Doc. 13). This matter is ripe for resolution. For the following reasons, the Habeas Petition will be **DENIED**.

### Relevant Facts and Procedural History

Oden pled guilty in 2012 to one count of possession of child pornography in the Northern District of West Virginia and was sentenced to 120 months' imprisonment. *United States v. Oden*, Case No. 11-cr-056 (N.D. W. Va. Feb. 8, 2012, Doc. 45). At the time Oden submitted his § 2241 Petition for filing (August 28, 2019), he had been approved for RRC placement of "one month and two weeks." (Doc. 1, pp. 1, 7). He had also been granted 70 days of good conduct credit against his sentence. (Doc. 1, p. 2; Doc. 9, p. 2; Doc. 9-1, p. 2). Prison officials had earlier recommended Oden for up to 120 days of RRC placement, which would have begun on January 24, 2020, based on his anticipated release date of May 22, 2020. (Doc. 9-1, p. 3; Doc. 9-2, p. 1). When Oden's sentence was recalculated to account for the 70 days of good conduct credit, his new release date became March 13, 2020, which shortened his RRC time to 50 days. (Doc. 9, p. 3; Doc. 9-2, p. 3). Soon after Oden filed the instant Petition, prison officials reviewed his RRC placement and increased it to 94 days, to begin on December 11, 2019. (Doc. 9, p. 3; Doc. 9-1, p. 3; Doc. 9-3).

Oden's RRC location will be in the Northern District of West Virginia. (Doc. 9-1, p. 3). While Oden's home is in that judicial district, he objects to the location of Clarksburg, West Virginia, because it is over 3 hours away from the home to which he plans to relocate. (Doc. 1,

p. 6). He complains that prison staff have refused to help him resubmit his request for additional RRC time and consideration for RRC placement in Winchester, Virginia or at Bethany House in Martinsburg, West Virginia, which would be closer to his home. *Id.*

## **Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). However, a civil rights action is the proper vehicle for a challenge to the conditions of a prisoner's confinement. *Preiser*, 411 U.S. at 499. *See also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1995) (habeas corpus is the vehicle to seek a "quantum change in the level of custody" such as release on parole, but a prisoner "seeking a different program or location or environment . . . is challenging the conditions rather than the fact of his confinement" and must do so under civil rights law). On its face, a transfer from a federal prison to a halfway house/RRC would appear to constitute a "quantum change in the level of custody," that would be cognizable in a habeas corpus action, but courts have reached different conclusions on this issue.[3]

As Respondent points out, in some cases, this district court has concluded that a § 2241 petition is not the proper vehicle to raise a claim regarding RRC placement, while permitting

---

[3] The Seventh Circuit has not squarely answered this question. It has held, for example, that a request for work release is not cognizable in a habeas corpus action, because habeas is proper "only if the prisoner is seeking to 'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 499-501 (7th Cir. 1999). *See also Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) (because petitioner was challenging the rules governing the BOP's consideration of his request for community or home confinement, rather than making a claim of entitlement to such placement, his remedy was under the Administrative Procedure Act, not § 2241).

3

such a claim to proceed in others. (Doc. 9, p. 3-5); *see Vasquez v. Cross*, No. 13-cv-811-CJP, 2014 WL 2198826 (S.D. Ill. May 27, 2014) (claim that BOP did not properly consider transfer to RRC did not show that custody was unlawful or that he had a right to release, thus habeas relief was unavailable); *Stokes v. Cross*, No. 13-cv-998-CJP, 2014 WL 503934 (S.D. Ill. Feb. 7, 2014) (court lacks subject matter jurisdiction under § 2241, and further finding claim fails on the merits); *Feazell v. Sherrod*, No. 10-cv-901-GPM, 2010 WL 5174355 (S.D. Ill. Dec. 16, 2010) (petition was proper under § 2241, but denying on the merits). Similar disagreement is apparent in decisions from other district courts within this Circuit. *See*, *e.g.*, *Perry v. Krueger*, No. 15-cv-1298, 2015 WL 6500915 (C.D. Ill. Oct. 27, 2015) (even if petition is proper under § 2241, it fails on the merits); *Moody v. Rios*, No. 13-cv-1034, 2013 WL 5236747 (C.D. Ill. Sept 17, 2013) (denying petition on the merits without questioning whether § 2241 was the proper vehicle); *Woods v. Wilson*, No. 09-cv-0749, 2009 WL 2579241 (N.D. Ill. Aug. 19, 2009) (petition was properly brought under § 2241 but failed on the merits).

In addressing a habeas petition that alleged medical mistreatment and sought, among other remedies, release to the community to obtain treatment, the Seventh Circuit concluded that because release was unavailable as a remedy for the claimed wrongdoing, the petitioner's "challenge can only concern the conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition." *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). This language has been interpreted to set a bright-line rule that if a habeas petitioner is not seeking outright release, or if release is not available as a remedy for his claims, then § 2241 is not the proper vehicle to seek relief. *See*, *e.g.*, *Stokes v. Cross*, 2014 WL 503934, at *2 (S.D. Ill. Feb. 2014); *Fryer v. Cross*, No. 14-cv-78-DRH, 2014 WL 1632104 (S.D.

Ill. Apr. 23, 2014); *Davis v. United States*, No. 17-cv-294-DRH, 2017 WL 2214874 (S.D. Ill. May 19, 2017).

Here, Oden is not seeking immediate or earlier release from custody. He does not challenge his release date of March 13, 2020, but instead argues that he should spend more of his remaining custody time in an RRC rather than in prison and claims that BOP officials did not properly evaluate his application for additional RRC time. Under the test articulated in *Glaus*, this amounts to a challenge only to the location of Oden's custody, not to the fact of being in custody, and therefore falls outside the realm of available habeas corpus relief. Oden's claim is more appropriately categorized as a challenge to the conditions of his confinement, which "falls on the civil rights side of the line." *Stokes*, 2014 WL 503934, at *3; *see also Bush v. Pitzer*, 133 F.3d 455, 456-57 (7th Cir. 1997) (a § 2241 petitioner "must demonstrate that the custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation").

Moreover, even assuming *arguendo* that Oden's claims are cognizable under § 2241, his Petition fails on the merits. He argues he should have been granted more RRC time pursuant to 18 U.S.C. § 3621(b). (Doc. 1, p. 5). This statute delegates sole authority to the BOP to designate the place of confinement for federal prisoners, including the transfer of prisoners from one correctional facility to another, and sets forth five factors for the BOP to consider in making placement decisions: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for the sentence of imprisonment or recommending a particular type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. §§ 3621(b)(1)-(5). These factors also guide

consideration of a prisoner's placement in an RRC for the final portion of his or her sentence, which may be as much as 12 months. 18 U.S.C. § 3624(c);[4] *see also* 28 C.F.R. §§ 570.20-21.

The BOP has broad discretion under these statutes to make placement decisions, including setting the length of time for an inmate's assignment to an RRC. *See Davis*, 2017 WL 2214874, at *2 (collecting cases); *Perry v. Krueger*, 2015 WL 6500915, at *2. *See also Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (court reviews BOP's prison placement decisions for abuse of discretion). In Oden's case, the record indicates that consideration was given to the statutory factors when the decision was made to place him in an RRC for the original 120 days, as well as to move up the date of his RRC placement to increase his RRC time from 50 to 94 days after his sentence was shortened by the additional good conduct credit. (Docs. 9-1; 9-6 pp. 1, 7).

This Court has no authority to independently review the statutory factors and reach its own conclusion as to the appropriate RRC placement for a prisoner. *See Davis*, 2017 WL 2214874, at *2. Instead, the Court must defer to the BOP's discretionary decision unless the record shows that the decision was arbitrary, capricious, an abuse of discretion, or contrary to the requirements of the statute. *See Davis*, 2017 WL 2214874, at *3; *Perry*, 2015 WL 6500915, at *3. Oden has not shown that his RRC placement of 94 days implicates any of these concerns.

Finally, Oden also challenges the location of his RRC placement. This complaint is indistinguishable from habeas challenges to BOP decisions to place an inmate in a particular institution or to transfer or deny a transfer from one prison to another, which have been universally rejected. *Pischke v. Litscher*, 178 F.3d 497, 500-01 (7th Cir. 1999); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). As such, it is unnecessary for the Court to address Respondent's argument that Oden has failed to exhaust his administrative remedies

---

[4] This provision is part of the Second Chance Act of 2007, reauthorized in 2019 by the First Step Act.

regarding his objection to the location of his RRC placement.

## Conclusion

Oden's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this

disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

    **IT IS SO ORDERED.**

    **DATED:  November 18, 2019**

    *s/ Staci M. Yandle*
    **STACI M. YANDLE**
    **United States District Judge**